

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javitz Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

June 14, 2024

**BY ECF**

The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *United States v. Eladio Martin Valerio*, 24 Cr. 342

Dear Judge Subramanian:

    The Government writes to respectfully request that the Court enter the attached proposed protective order in this case to facilitate discovery. The proposed order has been signed by counsel for both the Government and the defendant.

    Respectfully submitted,

    DAMIAN WILLIAMS
    United States Attorney

By: _____
    Getzel Berger
    Assistant United States Attorney
    (212) 637-1061

cc:    Jonathan Marvinny, Esq. (by ECF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

Eladio Martin Valerio,

          *Defendant.*

**Protective Order**

**24 Cr. 342 (AS)**

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendant having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material." The Government's Disclosure Material may include material that (i) affects the privacy and confidentiality of individuals; (ii) would risk prejudicial pretrial publicity if publicly disseminated; (iii) may be produced with more limited redactions than would otherwise be necessary; and (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

**Disclosure and Treatment**

2. Disclosure Material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any

2023.11.26

Disclosure Material on any Internet site or network site, including any social media site such as Facebook or Twitter, to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media.

### Other Provisions

3. This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1 and the above provisions.

4. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Disclosure Material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

5. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material, including any ESI, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; and the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct. If Disclosure Material is provided to any personnel for whose conduct defense counsel is responsible or prospective witnesses, defense counsel shall make reasonable efforts to seek the return or destruction of such materials.

## **Retention of Jurisdiction**

6. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: *Getzel Berger*            Date: 6/14/24
Getzel Berger
Assistant United States Attorney

*Jonathan Marvinny*            Date: 6/14/24
Jonathan Marvinny
Counsel for Eladio Martin Valerio

SO ORDERED:

Dated: New York, New York
        June 17, 2024

_____
THE HONORABLE ARUN SUBRAMANIAN
UNITED STATES DISTRICT JUDGE

3